Dear Mayor Lamonte:
This office is in receipt of your request for an opinion of the Attorney General in regard to an ordinance enlarging the boundaries of the Village of Tickfaw. You indicate there are no residents located in the boundary that is being enlarged and it will have no effect on the voting district for the Village. The intention is for a commercial venture and will not be occupied by any residents in the future. Two owners of the property signed and filed a petition for the annexation. The ordinance was submitted in writing, introduced at a public meeting of the governing authority of the Village, and after a public hearing was submitted to an official vote of said governing body, and approved.
You are requesting this office consider the validity of the annexation.
R.S. 33:171 provides the boundaries of incorporated municipalities may be enlarged by ordinance of the governing body as thereafter set forth which requires the governing authority furnish the registrar of voters of the affected area a copy of all of ordinances annexing territory as well as a map and written description of all newly annexed territory.
R.S. 33:172(A) mandates that no ordinance enlarging the boundaries of a municipality will be valid unless, prior to the adoption thereof, a petition has been presented to the governing body of the municipality containing the written assent of a majority of the registered voters and a majority in number of the resident property owners as well as twenty-five percent in value of the property of the resident property owners within the area proposed to be included in the corporate limits, according to the certificates of the parish assessor and parish registrar of voters. However, it then provides, "If there are no registered voters residing in the area proposed for annexation, then the requirement of a majority of the registered voters on the petition shall not apply."
While there are no residents, and therefore no registered voters, as we understand from the plat and description in Ordinance 153, the 2.00 acre the petitioners seek to have annexed is not contiguous with the municipality but joined to the township line by U.S. Highway 51 on one side and a drainage canal on the opposite side.
In such a situation this office observed in Atty. Gen. Op. 97-515 that in order to annex land that is not contiguous but joined to a municipality by a state highway, a municipality must obtain the approval of the Department of Transportation and Development. However, this office stated in Atty. Gen. Op. 00-354 that a state highway annexed by a municipality does not transfer ownership, and the requirement of assent for registered voters and resident property owners does not apply to DOTD for it is neither a resident property owner nor a registered voter of the municipality.
In this regard we note that R.S. 33:180, Ordinance to annex territory owned by a public body, provides in Subsection (C) as follows:
 A municipality may annex a portion of the right-of-way of a public road as a corridor connecting other property which is not contiguous to the municipality but which is to be annexed without including the property adjacent to the corridor. Any annexation pursuant to this Section shall be in accordance with the following:
 (1) The municipality shall, by certified mail, notify the state agency or political subdivision which owns the road proposed to be annexed at least thirty days prior to the introduction of the ordinance proposing such annexation.
 (2) The petition or written consent of the state agency or political subdivision must be received by the municipality prior to the adoption of the ordinance.
However, in accordance with the plat it appears a state highway is not involved but a United States Highway. Therefore, notice and approval for annexation must be obtained from the United States through the Department of Justice prior to adoption of an ordinance, and Section 2 of Ordinance 153 sets forth that the ordinance can only be effective upon compliance with the requirements of the laws of the State and the United States. It then states therein, "Upon securing approval from the United State through the Department of Justice, this approval will then be recorded and the letter of approval attached thereto."
Therefore, it appears the proper and necessary steps that must be taken for annexation is to obtain the approval of the Department of Justice for the highway corridor to connect the property to be annexed to the Village, recognizing that the annexation or the right-of-way does not transfer ownership of the highway. To obtain the approval a certified notice must be given to the Department and written consent received. Thirty days after receiving the consent an ordinance for the annexation may be introduced for such annexation.
We hope this sufficiently answers your inquiry setting forth the requirements for the annexation in question.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:__________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr